A conviction under Section 93 of the Act of March 31, 1860, P. L. 382, for assault and battery on a five-year old child with intent to ravish, will be sustained, where there was sufficient evidence to warrant a finding that the defendant laid his hands upon the child with an intent to carnally know her.

A child five years of age is incapable of consenting to sexual intercourse and the touching of her body by the defendant, with intent to carnally know her, was against her will.

*Criminal law—Charge—Reasonable doubt.*

A charge defining reasonable doubt as "such a doubt as would impel you to do, or refrain from doing, something of vital importance to your own personal affairs" is too strong a phrase to describe properly the doubt contemplated by law.

228    COMMONWEALTH *v.* CYAUS, Appellant.

Statement of Facts—Opinion of the Court.    [88 Pa. Superior Ct.

Argued April 12, 1926.  Appeal No. 108, October T., 1926, from judgment of M. C. Philadelphia County, November T., 1922, No. 335, in the case of Commonwealth of Pennsylvania v. Michael Cyaus. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for assault and battery, with intent to ravish.  Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, on which judgment of sentence was passed.  Defendant appealed.

*Errors assigned* were, among others, the refusal of defendant's request for binding instructions and the charge of the court.

*B. D. Oliensis*, for appellant.

*Charles Edwin Fox*, District Attorney, and with him *James W. Tracey, Jr.*, Assistant District Attorney, for appellee,

OPINION BY GAWTHROP, J., April 19, 1926:

The defendant appeals from a conviction upon a count in an indictment charging assault and battery with intent to ravish.

The first contention, as we understand it, is that the evidence does not establish that the assault and battery charged was committed upon the girl "with intent, forcibly and against her will, to have unlawful carnal knowledge" of her, as provided in section 93 of the Crimes Act of 1860, under which the indictment was drawn and which reads as follows: "Section 93. If any person shall be guilty of committing an assault and battery upon a female, with intent, forcibly and

against her will, to have unlawful carnal knowledge of such female, every such person shall be guilty of a misdemeanor, and on conviction, be sentenced, etc.'' It seems clear that the offense denounced by this section of the Act is assault and battery committed with the specific intent to accomplish the purpose forcibly and against the victim's will; and that consensual sexual intercourse with a female of any age is not within its terms (Commonwealth v. Miller, 80 Pa. Superior Ct. 309). The uncontradicted evidence in the case is that the victim of the alleged assault was a female child under five years of age at the time of its commission. In view of the extreme youth of the child alone the jury was warranted in finding that she was incapable of consenting to sexual intercourse and that the touching of her body by the defendant with intent to carnally know her was against her will. The child testified that the defendant ''laid me on the floor and he done dirty things to me''; that he hurt her between her legs; ''with between his legs.'' This testimony was sufficient, if credited by the jury, to establish not only that the defendant committed an assault and battery on the child but also that his intention was to have unlawful carnal knowledge of her *by force.* Where, as here, the female is not only so young that she is incapable of consenting to sexual intercourse, but cannot even entertain a thought upon that subject, a jury is warranted in finding an intent to have carnal knowledge of the child *forcibly* whenever the evidence warrants a finding that the defendant laid his hands upon her with an intent to carnally know her. It follows that the evidence was sufficient, if believed, to establish all the elements of the offense charged.

Another contention of the appellant is that there was error in that part of the charge defining ''reasonable doubt.'' The learned judge said that it is ''such a doubt as would abide in your mind after a careful con-

sideration of the entire testimony that you have listened to, or such a doubt as would impel you to do or refrain from doing something of vital importance to your own personal affairs.'' He did not say that it was such a doubt, fairly arising from the evidence, that would cause a reasonable man to hestitate in an event of ordinary importance to himself (Commonwealth v. Bryson, 276 Pa. 566), but that it is such a doubt as would impel one to do or refrain from doing something of vital importance to his own personal affairs. This definition is not in accord with the decisions of our Supreme Court on the subject. To require such a doubt as would influence or control only in something of vital importance in one's affairs is too strong a phrase to describe properly the doubt contemplated by the law; Commonwealth v. Bryson, supra. A doubt that would impel one to do or refrain from doing something would control his actions. It would lead us not simply to refrain from acting but to act: Commonwealth v. Miller, 139 Pa. 77.

The only remaining complaint is that the learned trial judge should have directed a verdict of not guilty. As already stated, the child was under five years of age when the alleged offense was committed. The case was tried more than two years later. The child was the only witness who testified as to the assault. It is urged that her testimony was so vague, indefinite and unreliable that it would be unsafe to rest a conviction upon it, particularly in view of the time which elapsed between the date of the alleged offense and the trial. While there is some force in this argument our examination of the printed testimony has not convinced us it did not warrant the finding of guilt by the jury. The credibility of the girl was for that tribunal. The second assignment of error is sustained and all the others are overruled.

The judgment is reversed and a new trial is awarded.