Commonwealth *v.* Stephens, Appellant.

Argued November 11, 1940.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT.

*Paul K. McCormick,* with him *H. Reginald Belden* and *Andrew S. Romito,* for appellant.

*Edward Greb Bauer,* with him *C. Ward Eicher,* Assistant District Attorneys, and *Charles D. Copeland,* District Attorney, for appellee.

OPINION BY RHODES, J., January 30, 1941:

Defendant was convicted of felonious rape. The indictment charged him with carnally knowing the victim forcibly and against her will. Defendant's motion for a directed verdict was denied by the trial judge, and his subsequent motions for a new trial and in arrest of judgment have been refused by the court below. Sentence having been imposed, defendant has appealed.

One of the questions for determination on this appeal is whether the carnal knowledge of a woman who is insane at the time of the commission of the act constitutes rape under the laws of this Commonwealth, where the mental condition is known to the actor, and where there is no proof that the act was accomplished

with physical force. As far as we can determine, this question has never been decided by an appellate court of this Commonwealth.

Many states have specific statutes providing for the protection of mentally deficient women. In this state our statute provides that felonious rape is the "unlawful carnal knowledge of a woman, forcibly and against her will": Act of March 31, 1860, P. L. 382, §91, as amended by the Act of May 19, 1887, P. L. 128, § 1, 18 PS §2261.[1] This is the common-law definition as given by Blackstone. 2 Sharswood's Blackstone's Comm. 209. In this respect section 91 of the Act of 1860 was declaratory of the common law. *Com. v. Exler*, 243 Pa. 155, 159, 89 A. 968. See, also, *Com. v. Miller*, 80 Pa. Superior Ct. 309, 314, and *Com. ex rel. Case v. Smith*, 134 Pa. Superior Ct. 183, 186, 3 A. 2d 1007. In none of our statutes before the Criminal Code of 1860 was rape defined. "However, the Act of May 31, 1718, 1 Sm. L. 105, 113, in section 7, which dealt with rape, robbery and other grave crimes, provided that any person 'being convicted thereof as abovesaid, shall suffer as felons, according to the tenor, direction, form and effect of the several statutes, in such cases respectively made and provided in Great Britain.' . . . . . . Our statutes simply referred to 'rape,' and they related to rape as it was defined and declared by the law of England in force when this colony was established": *Com. ex rel. Case v. Smith*, supra, 134 Pa. Superior Ct. 183, at page 190, 3 A. 2d 1007, at page 1010. The statute then in force in England was 13 Edw. I, Stat. Westm. 2, c. 34,[2] which

---

[1] Similar definition under Penal Code, Act of June 24, 1939, P. L. 872, § 721, 18 PS § 4721.

[2] 3 Edw. I, Stat. Westm. 1, c. 13 (1275), made rape, which had been a felony at common law, a misdemeanor. 13 Edw. I, Stat. Westm. 2, c. 34 (1285), made rape a felony again.

The Statute of 9 Geo. IV, c. 31 (1828), specifically repealed the Statute of Westminster 2 in so far as it related to rape. One of its purposes, as stated in its preamble, was to consolidate

provided "that if a man from henceforth do ravish a woman married, maid, or other, where she did not consent, neither before nor after, he shall have judgment of life and of member. (2) And likewise where a man ravisheth a woman married, lady, or damosel, or other, with force, although she consent after, he shall have such judgment as before is said, if he be attainted at the King's suit, and there the King shall have the suit." Statutes at Large, vol. 1, p. 101.

In *Reg. v. Richard Fletcher* (1859), 8 Cox C. C. 131, at page 134, Lord Campbell, C. J., in speaking of the definition under this statute, said: " 'Ravish' there means having carnal knowledge of a woman by force ......" The phrase "against her will" in our Act of 1860 is synonymous with the words "where she did not consent" under the Statute of Westminster 2, c. 34. In upholding the equality of meaning of these phrases, the English Court (Crown Cases Reserved), in *Reg. v. Dee* (1884), 15 Cox C. C. 579, at page 589, said: "There is authority for this so long ago as Bracton ...... (Brac. De. Cor. 148a)." See, also, *Gore v. State,* 119 Ga. 418, 46 S. E. 671; *State v. Flaherty,* 128 Maine 141, 146 A. 7; *Com. v. Burke,* 105 Mass. 376, 7 Am. Rep. 531.[3]

The authorities generally hold that the act of sexual

---

the various statutes in England. Assuming the definition of rape to be well established, section 16 of this statute simply provided that "every person convicted of the crime of rape shall suffer death as a felon." Statutes of the United Kingdom of Great Britain and Ireland, Vol. XI, p. 374.

[3] "All the statutes of England and of Massachusetts, and all the textbooks of authority, which have undertaken to define the crime of rape, have defined it as the having carnal knowledge of a woman by force and against her will. The crime consists in the enforcement of a woman without her consent. The simple question, expressed in the briefest form, is, Was the woman willing or unwilling? The earlier and more weighty authorities show that the words 'against her will,' in the standard definitions, mean exactly the same thing as 'without her consent' ": *Com. v. Burke,* 105 Mass. 376, at page 377, 7 Am. Rep. 531, at page 532.

intercourse is against the woman's will when, from any cause, she is not in a position to exercise any judgment about the matter. Thus intercourse with a woman who is mentally unconscious from intoxication, or unconscious from the use of drugs or other causes, or sleep, etc., whether caused by the actor or not, is generally held to be rape. *Reg. v. Camplin,* 1 Cox C. C. 220; *Brown v. State,* 138 Ga. 814, 76 S. E. 379; *Lancaster v. State,* 168 Ga. 470, 148 S. E. 139; *Com. v. Burke,* supra.

In the instant case the alleged inability to consent arises from insanity. The English Courts, applying the statute of 13 Edw. I, Stat. Westm. 2, c. 34, and similar later enacted statutes, in cases where the female is alleged to have been insane, lay down the rule that if, to the knowledge of the actor, the female is so insane as to be incapable of expressing any intelligent consent or dissent, or of exercising any judgment in the matter, the offense is rape. See *The Queen v. Ryan,* 2 Cox C. C. 115; *Reg. v. Richard Fletcher,* supra; *Reg. v. Barratt,* 12 Cox C. C. 498. See, also, *Reg. v. Connolly,* 26 U. C. Q. B. 317, where the earlier English cases are reviewed. In *Reg. v. Barratt* (1873), supra, the Court of Criminal Appeal, in upholding a conviction of rape where the prosecutrix was an idiot and this was known by the prisoner, said, through BLACKBURN, J. (p. 500) : "In all these cases the question is whether the prosecutrix is an imbecile to such an extent as to render her incapable of giving consent or exercising any judgment upon the matter. ......" The predominant authority in this country follows the English rule. See Annotation, L. R. A. 1916F, p. 742; 22 R. C. L. p. 1183, § 15; *White v. State,* 237 Ala. 610, 188 So. 388; *Gore v. State,* supra; *State v. Helderle* (Mo.) 186 S. W. 696, L. R. A. 1916F, 735, 739; *State v. Jewett,* 109 Vt. 73, 192 A. 7.

Appellant contends in the instant case that it was not shown that the carnal knowledge was by force. This

same argument was presented in *Reg. v. Camplin,* supra, where the prisoner had carnal knowledge of a woman while she was intoxicated. The English Court (Crown Cases Reserved) held that it was rape. And in *Reg. v. Dee,* supra, 15 Cox C. C. 579, at page 585, the court said: "Rape may be defined as sexual connection with a woman forcibly and without her will: (*Reg. v. Fletcher,* 8 Cox C. C. 134). It is plain, however, 'forcibly' does not mean violently, but with that description of force which must be exercised in order to accomplish the act, for there is no doubt that unlawful connection with a woman in a state of unconsciousness, produced by profound sleep, stupor, or otherwise, if the man knows that the woman is in such a state, amounts to rape." "It is settled by a chain of adjudication, too long and unbroken to be now shaken, that force is a necessary ingredient in the crime of rape.—Bishop on Crim. Law, §411. The only relaxation of this rule is, that this force may be constructive. Under this relaxation, it has been held that where the female was an idiot, or had been rendered insensible by the use of drugs or intoxicating drinks, and, in one case, where she was under the age of ten years, she was incapable of consenting, and the law implied force.—*Rex* [*Reg.*] *v. Ryan,* 2 Cox's C. C. 115; *Commonwealth v. Fields,* 4 Leigh, Va., 648; *State v. Shepard,* 7 Conn. 54; *Regina v. Camplin,* 1 Car. & Kir. 746; Bishop's Cr. Law, §343": *Lewis v. State,* 30 Ala. 54, at page 56, 68 Am. Dec. 113. In *Pomeroy v. State,* 94 Ind. 96, at page 100, 48 Am. Rep. 146, at page 149, it is said: "In such a case the force required by the statute is in the wrongful act." See, also, *Smith v. State,* 12 Ohio State 466, 80 Am. Dec. 355. In our opinion the applicable rule is that carnal knowledge of a woman who is incapable through unsoundness of mind, whether temporary or permanent, of giving rational legal consent is against her will, and is rape where the actor knows of such incom-

petency. A man who, knowing of a woman's insanity, takes advantage of her helpless condition to gratify his own lustful desires, is guilty of felonious rape, though he uses no more force than that involved in the carnal act, and though the woman offers no resistance to the consummation of his purpose.

There was sufficient evidence to show that appellant was acquainted with the mental condition of this woman, and this is not seriously disputed. The father of the woman testified that he told appellant "that girl crazy." There was competent medical testimony to the effect that any adult would recognize that this woman was insane, and that she was not capable of giving consent. Knowledge on appellant's part could be inferred by the jury from the facts and circumstances established by the evidence. From the evidence it was for the jury to determine, in this case, whether appellant knowingly had sexual intercourse with an insane woman who was incapable of consenting, or whether she possessed sufficient mental capacity to comprehend the nature and consequence of the act.

Appellant also contends that there cannot be a conviction because the indictment charged the commission of the act forcibly and against the will of the alleged victim, while the evidence at most proved carnal knowledge of a woman who was insane. There is no merit in this objection. The form of the indictment here presented was proper. In *Harman v. Com.* (1824), 12 Serg. & R. 69, the Supreme Court, in speaking of the form of the indictment for rape before the American Revolution, said, at page 71: "The form of an indictment then, was, 'that the defendant, violently and feloniously, an assault did make, with an intent, the said A. B., then and there, to ravish and carnally know, and the said A. B., then and there, with force and arms, and against her will and consent, feloniously did ravish and carnally did know.'" In *Com. v. Campbell,* 116

Pa. Superior Ct. 180, at page 186, 176 A. 246, at page 249, this court said: "The law does not require that an indictment contain full and specific details as in a bill of particulars. Under the 11th section of the Act approved March 31, 1860, P. L. 427 (19 PS §261), if the crime charged is substantially in the language of the act of assembly, as it was here, it is sufficient. The purpose of this act and the marked tendency of modern decisions is to accomplish substantial justice by ascertaining whether defendant is guilty or innocent, rather than to recognize the force of legal niceties and technicalities."

In *Harman v. Com.*, supra, it was held that in an indictment for rape it was not necessary to charge that the offense was committed forcibly, and against the will of the woman; and that it was sufficient, if it charged that the defendant feloniously did ravish and carnally know her.

Common-law rape may be committed in one of several ways, and it is not necessary to set out in the indictment the means or the method employed. It was not required that the indictment allege that the victim was insane and incapable of giving her conscious consent. A forcible ravishment is one done against a woman's will; if it is done against her will, it is of necessity without her consent; if she is insane or too weak of mind to give a rational consent, then it follows that she has been forcibly ravished. *State v. Helderle,* supra. See *State v. Peyton,* 93 Ark. 406, 125 S. W. 416.

Carnal knowledge of a female child under the age of ten years was felonious rape in this state prior to the Act of May 19, 1887, P. L. 128, § 1, which amended section 91 of the Act of March 31, 1860, P. L. 382, 18 PS § 2261; lack of capacity to consent was presumed. *Com. ex rel. Case v. Smith,* supra. See, also, *Com. v. Roosnell,* 143 Mass. 32, 8 N. E. 747. Likewise, carnal knowledge of an insane woman, knowing her to be in-

sane, is rape. There is a lack of capacity to consent, and it is presumed that the act was done without her consent, hence it is against the female's will; the force required may be in the wrongful act itself. It follows that such act is done "forcibly and against her will." In an indictment the office of the words "against her will" is merely to negative consent. *Com. v. Burke,* supra, p. 378.

It is sufficient in indictments that the charge be stated with so much certainty that the defendant may know what he is called on to answer, and that the court may know how to render the proper judgment thereon. *Sherban v. Com.,* 8 Watts 212. See, also, *Com. v. Keenan and Clark,* 67 Pa. 203, 206. In the present case the indictment was sufficient, and appellant's remedy, if it did not furnish sufficient information to enable him to prepare his defense, was by motion for a bill of particulars. See *Com. v. New Bethlehem Borough,* 15 Pa. Superior Ct. 158, 164. We do not see how appellant could have been misled. He and his companion were indicted for the same offense, committed at the same time, on the same victim. He requested a severance, and on the two trials wherein his companion was the defendant he testified. He was then later tried separately, and the testimony was substantially the same at all three trials.

Under all the circumstances, the indictment sufficiently apprised the accused of the charge against him; and the evidence [*] sustained the charge as laid in the indictment.

Assignments of error are overruled.

Judgment is affirmed, and the record is remitted to the court below, and it is ordered that defendant appear

---

[*] There is no stenographic record of appellant's trial. The evidence has been summarized in the comprehensive opinion of the court below. This summary has been accepted as correctly setting forth the evidence and the testimony of the various witnesses.

in the court below at such time as he may there be called, and that he be by that court committed **until** he has complied with the sentence, or any part thereof, which had not been performed at the time the appeal in this case was made a supersedeas.