Opinion by
 

 Arnold, J.,
 

 The defendant was convicted on separate indictments charging, respectively, sodomy
 
 [1]
 
 and assault and battery with intent to ravish. He filed motions for new trial and in arrest of judgment, which were refused, and received identical concurrent sentences. These appeals followed.
 

 Both offenses were committed upon a little girl aged six and one-half years, who was described by the trial judge as “very attractive” and “of unusual [mental] capacity for her age.” The perversion committed by the defendant was cunnilingus,
 
 [2]
 
 in which, of course, this little victim was the pathic. There was a wealth of testimony not only from the victim but from others as to the identity of this defendant, who lured this child into his auto truck. The defendant does not challenge the evidence of identification. He contends that penetration was an essential fact to be proved, and that there was no evidence thereof. In examining this contention the evidence clearly established every possible ingredient of the offense, except that there was no
 
 direct
 
 evidence
 
 *627
 
 of penetration. In
 
 Commonwealth v.
 
 Donahue, 136 Pa. Superior Ct. 306, 7 A. 2d 13, the female, who was the pathic in the same type of sodomy, was convicted. An eyewitness testified but, of course, the very position of the parties made it impossible for him to determine whether there had been penetration. The only other evidence on this branch of the case had to do with the appearance of the face of the coperpetrator of the crime. This Court held that the element of penetration could be shown by circumstantial evidence, especially when the position of the parties had been proved. Such is the case here. The defendant had committed a well-known type of perversion and the jury was quite justified in finding that the position he was in was circumstantial proof of penetration.
 

 The defendant was also convicted of assault and battery with intent to ravish, and contends that the evidence was insufficient to establish the commission of that crime. The victim here was six and one-half years of age, and under the common law a child under the age of seven is
 
 conclusively
 
 presumed to have no capacity to commit a crime, and therefore cannot be either a principal, an accomplice or an accessory thereto. She lacked the capacity to commit an assault and battery and likewise lacked the capacity to consent to its commission upon her. See
 
 Commonwealth ex rel. Case v.
 
 Smith, 134 Pa. Superior Ct. 183, 3 A. 2d 1007. The evidence sustained the jury’s verdict that the defendant committed an assault and battery upon her. It may have been what is referred to as an “indecent assault,” but this comprehends an assault and battery:
 
 Commonwealth v.
 
 Gregory, 132 Pa. Superior Ct. 507, 1 A. 2d 501, and to this she had no capacity to consent. The touching of her person was clearly established, as was the fact that he at least placed his private parts against her. But the appellant contends that even though guilty of assault
 
 *628
 
 and battery, there ivas no proof that he “intended to commit rape forcibly and against the victim’s Avill if he could not obtain [her] consent.” But as Ave have seen, the victim had no capacity to consent, and this is not a case Avhere a
 
 statute
 
 fixes an age of consent, but a case of an incapacity at common laiv. In the many cases of so-called consensual rape
 
 [3]
 
 in Avhich this Court has held (because of the acquiescence of the victim) that the defendant may not be convicted of some degree of assault and battery, it always appeared that the victim Avas past the age of seven. Indeed, in
 
 Commonwealth v. DeGrange,
 
 97 Pa. Superior Ct. 181, Avhere the victim Avas between eight and nine years of age (and at common laAV there was a rebuttable presumption of lack of capacity to consent) , this Court came to the same conclusion as we reach in the present case. A defendant may be found guilty of assault and battery with intent to ravish a female child under the age of seven, even where there was no proof of the victim’s lack of consent, or that the acts of the defendant were against her will, if the evidence sustained a finding of his intent to have intercourse by at least some slight penetration.
 

 To constitute the crime of rape there must be penetration,
 
 however slight.
 
 (Res in re, but entrance in the labia is sufficient: 44 Am. Jur., Rape, §3). Such slight penetration would not necessarily hurt the child, and the completed crime could thus be committed without injury to her. The Commonwealth in its indictment alleged, and the jury found, that there was no penetration. But the question still remained with the jury whether the defendant
 
 intended
 
 some slight penetration. This question the jury resolved against the defendant, and it was fully justified in the finding.
 

 
 *629
 
 The defendant cites the case of
 
 Commonwealth v. Jaynes,
 
 137 Pa. Superior Ct. 511, 10 A. 2d 90, where this Court held that the proof did not show the intention forcibly to commit rape if the defendant was unable to obtain the female’s consent. But in that ease the victim was a “young woman” instead of a child under seven. Cf.
 
 Commonwealth v. Cyaus,
 
 88 Pa. Superior Ct. 227.
 

 Appellant also complains of the court’s charge as to reasonable doubt. This is without merit, for the court charged in almost the exact words of the approved definition in
 
 Commonwealth v. Kluska,
 
 333 Pa. 65, 3 A. 2d 398.
 

 The judgment and sentence in each appeal is affirmed, and it is ordered that the appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentences, or any part of them which had not been performed at the time each appeal was made a supersedeas.
 

 [1]
 

 Under §501 of The Penal Code, 18 PS §4501.
 

 [2]
 

 See State v. Murry, 136 La. 253, 66 So. 963, 965.
 

 [3]
 

 See
 
 Commonwealth v.
 
 Moon, 151 Pa. Superior Ct. 555, 561, 30 A. 2d 704, and cases therein cited.