# Commonwealth v. O'Day

*Albert H. Aston,* District Attorney, and *Arthur Silverblatt,* First Assistant District Attorney, for Commonwealth.

*Nicholas R. Degillio,* for defendant.

FLANNERY, J., May 5, 1958.—The transcript charged defendant with the crime of "attempted rape" upon the person of a woman child, age seven years. The

grand jury returned an indictment for indecent assault.

Defendant now moves to quash and assigns four reasons. These are related and, in effect, maintain the indictment is defective in that it sets forth neither the crime charged in the transcript nor its essential elements.

It is true that the information must contain all the essential elements of the offense charged but the language need not be specific. A defendant should not be held to answer a charge in an indictment different from and unrelated to that which was set forth in the transcript (Commonwealth v. Musto, 348 Pa. 300, and cases there cited), but it is not required that the transcript be skillfully drawn. Magistrates are not learned in the law and are not to be held to a high and exact standard of meticulous conformity: Commonwealth v. Miller, 77 Pa. Superior Ct. 469.

Does the transcript here contain the essential elements of the crime charged? Is the charge as laid in the indictment cognate to that which is described in the transcript? Are they related? Is one inclusive of the other? These questions must be answered in the affirmative and defendant cannot prevail.

An indecent assault is the taking of indecent liberties with the person of a female without her consent and against her will: Commonwealth v. Gregory, 132 Pa. Superior Ct. 507.

The transcript here charged defendant with an attempt to commit statutory rape. Inherent in this is the taking of indecent liberties. Certainly, if done without the victim's consent, this constitutes indecent assault. But the victim here was a child seven years of age and so was incapable of giving consent: Commonwealth v. Bowes, 166 Pa. Superior Ct. 625.

Under the facts before us the one crime is an element of the other and charging the greater includes

the lesser. Hence, that which was charged in the transcript, i.e., attempted statutory rape, included that which was laid in the indictment, i.e., indecent assault.

Wherefore, now, May 5, 1958, at 2:40 p.m., the motion to quash is denied.