Commonwealth *v.* Hayden et al., Appellants.

*John H. Corbett, Jr., John R. Cook* and *John J. Dean,* Assistant Public Defenders, and *George H. Ross,* Public Defender, for appellants.

*Robert L. Eberhardt,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 14, 1973:

Separate appeals were filed by the appellants raising identical contentions and involving the same incident. The sole question is whether the lower court erred in dismissing appellants' PCHA petition without a hearing.

Appellants filed petitions for review under the Post Conviction Hearing Act. In their petitions, appellants alleged that their guilty pleas had been involuntarily and unintelligently made. Originally, appellants tendered guilty pleas to charges of rape, sodomy and aggravated assault and battery. In the colloquy before the trial judge, appellants admitted that in the early morning hours of May 22, 1971 they observed the victim walking down Baum Boulevard in Pittsburgh. Charles Redshaw, the appellant, testified that he approached the victim from behind and struck her on the right side of her head with a pipe. Appellant stated that he took her to a waiting car driven by Robert Hayden, the other appellant herein. Redshaw testified that he had sexual intercourse with the victim, but that she offered no resistance. Hayden then said that when they arrived at a secluded cabin, the victim performed oral sodomy on appellant. Appellants argued that her

entire behavior and attitude indicated submission, consent and willingness to engage in sexual activities with them.

Appellants now argue that the above testimony presented a defense to the charges against them in the form of consent. They, therefore, allege that their guilty pleas should not have been accepted.

Before accepting the guilty pleas of the appellants, the trial court fully informed appellants of their rights and consequences of the tendered plea. We have examined the entire record, and we conclude that the colloquy was adequate, and the pleas were voluntarily and knowingly made. We further believe that the lower court properly denied appellants' petition for PCHA review without an evidentiary hearing.

The right to an evidentiary hearing on PCHA review is not absolute. Our courts have expressly held that a court may deny such hearing if the claim, as presented by petition, answer and the record of all previously held proceedings, is patently frivolous and without support. *Commonwealth v. Welch,* 425 Pa. 591, 229 A. 2d 737 (1967); *Commonwealth v. Nahodil,* 212 Pa. Superior Ct. 77, 239 A. 2d 840 (1968).

In light of the testimony of the appellants themselves, we conceive the defense of consent to be incredible. The record does not support such a conclusion. Active opposition to the unlawful and indecent acts of an assailant is not a prerequisite to a finding of lack of consent. The beating of the victim about the face and head by a pipe, the dragging of said victim to a car occupied by two men, the taking of said victim to a secluded cabin and the sheer shock of the situation would lend credence and offer understanding to the victim's apparent "submission". As we have said before, consent is an act of free will. It is not the absence of resistance in the face of actual or threatened

force inducing a woman to submit to a carnal act. *Commonwealth v. Moskorison,* 170 Pa. Superior Ct. 332, 85 A. 2d 644 (1952).

Order of the court below denying appellants' PCHA petitions is affirmed.