393 A.2d 1042

COMMONWEALTH of Pennsylvania

v.

Elroyal IRVIN, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Nov. 8, 1978.

Lester G. Nauhaus and John H. Corbett, Jr., Assistant Public Defenders, Pittsburgh, for appellant.

Charles W. Johns and Robert L. Eberhardt, Assistant District Attorneys, Pittsburgh, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

After a non-jury trial, appellant was convicted of rape[1] and involuntary deviate sexual intercourse[2] and sentenced to serve a term of imprisonment of one and one-half (1½) to five (5) years on the rape count, while sentence on the second count was suspended. Appellant was originally charged with a third count, aggravated assault,[3] but was found not guilty of this offense. He now contends that since all three charges arose out of the same set of facts, his acquittal on the aggravated assault count is inconsistent with his conviction on the rape and involuntary deviate sexual intercourse counts. This contention is without merit, and the judgment of sentence is affirmed.

Viewing the evidence in the light most favorable to the Commonwealth, as we must, *Commonwealth v. Lee*, 460 Pa. 374, 333 A.2d 773 (1975), the following was adduced at trial. On August 12, 1975, the victim, Miss Barbara Moore, was at the Tourist Club, a Pittsburgh bar. She began talking with appellant, and at approximately 3:30 a. m., asked him if he would give her a ride to another bar. Appellant refused, but agreed to drive Miss Moore to her mother's home. According to Miss Moore, instead of driving her to her mother's home, appellant drove to a secluded spot in a park. This was followed by an exchange of verbal obscenities between the parties. The appellant allegedly became violent, and started choking Miss Moore and tearing off parts of her clothing.

According to the victim, appellant forced her to commit oral sex and then tore off her remaining clothing and raped her. After the rape, Miss Moore escaped from the auto and

1. 18 Pa.C.S. § 3121.

2. 18 Pa.C.S. § 3123.

3. 18 Pa.C.S. § 2702.

ran to the porch of a nearby home. Appellant followed and once again began to choke her. The victim's screams aroused the occupant of the home, who testified that she peered out of her window and saw a naked woman on her porch and a man bending over the woman choking her. The occupant opened the door leading to the porch and the assailant fled.

The police were summoned and, with Miss Moore accompanying them, started to search the area. Miss Moore pointed out the appellant's car and identified appellant as her assailant. He was placed under arrest, and a search of his vehicle revealed Miss Moore's purse and some of her clothing. During the Commonwealth's case, the occupant of the home, along with the victim's mother and older sister, testified to observing bruises on the victim's neck.

Appellant's primary contention is that the acquittal on the aggravated assault count is inconsistent with his conviction on the rape and involuntary deviate sexual intercourse counts. As support for this contention appellant has advanced a two step argument. First, he alleges that his acquittal on the aggravated assault charge necessarily implies an acquittal on simple assault, a lesser included offense in the crime of aggravated assault. Second, without a finding that even a simple assault was committed, there is insufficient evidence to establish the element of forcible compulsion necessary to support the convictions for rape and involuntary deviate sexual intercourse. With neither of these contentions can we agree.

First, the degree of force involved in the crime of aggravated assault is not the same as that involved in the crimes of forcible rape and involuntary deviate sexual intercourse. The force necessary for the crime of aggravated assault is defined in terms of the physical injury to be produced.

A person is guilty of aggravated assault if he:

"(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S. § 2702(a)(1).

The "serious bodily injury" required for the crime is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. *Cf. Commonwealth v. Rife,* 454 Pa. 506, 312 A.2d 406 (1973) (skull fracture and concussion).

In contrast to this, the degree of force involved in rape and involuntary deviate sexual intercourse is defined, not in terms of the physical injury to the victim, but in terms of the effect it has on the victim's volition. Both crimes are committed when the actor accomplishes the crime "by forcible compulsion" or "by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution." 18 Pa.C.S. § 3121(1), (2); § 3123(1), (2). The force necessary to support convictions for rape and involuntary deviate sexual intercourse need only be such as to establish lack of consent and "to induce a woman to submit without additional resistance . . . ." *Commonwealth v. Moskorison,* 170 Pa.Super. 332, 336, 85 A.2d 644, 646 (1952). As one court has noted, "The degree of force required to constitute rape is relative depending upon the particular circumstances. Actual application of force is not required." *Commonwealth v. Steele,* 75 Dauph. 241, 246 (1960). Thus, the degree of force applied to force submission to the rape or involuntary deviate sexual intercourse need not rise to the level of "serious bodily injury" required for aggravated assault. Appellant's primary contention is, therefore, without merit.

Appellant's alternative basis for appeal involves a two-step process of reasoning. First, he alleges that an acquittal on the aggravated assault charge necessarily implies an acquittal on all lesser included offenses, including simple assault, and that an implied acquittal of simple assault conclusively establishes that the alleged rape and involuntary deviate sexual intercourse were consummated without force. Appellant's purpose in advancing these arguments is that if all elements of force can be disproven, a requisite

element of the crimes of rape and involuntary deviate sexual intercourse would be negated and the convictions on those counts could not stand. Although appellant's reasoning is novel, it is fatally flawed in two respects.

First, although simple assault is a lesser included offense in the crime of aggravated assault, *Commonwealth v. Wilks*, 250 Pa.Super. 182, 188–189, 378 A.2d 887, 890 (1977); *Commonwealth v. Hill*, 237 Pa.Super. 543, 559, 353 A.2d 870, 880 (1975), the verdict acquitting appellant of the greater inclusive offense does not conclusively establish that there was insufficient evidence to support a conviction for the lesser offense.[4] As this court stated in *Commonwealth v. Parrotto*, 189 Pa.Super. 415, 422, 150 A.2d 396, 399 (1959), "An acquittal cannot be interpreted as a specific finding in relation to some of the evidence." Thus, although appellant was acquitted of the greater inclusive offense, *Commonwealth v. Wilks, supra; Commonwealth v. Hill, supra,* and although the trial judge could have found him guilty of the lesser included offense,[5] his failure to do so is not a conclusive pronouncement regarding appellant's use of force.

Second, assuming that the trial judge reviewed the evidence with respect to the crime of simple assault, he could have determined that, although a simple assault did occur, the elements of that offense merged into and became elements of the larger crimes of forcible rape and involuntary deviate sexual intercourse.

"The true test of whether one criminal offense has merged in another is *not* (as is sometimes stated) whether the two criminal acts are 'successive steps in the same transaction' but it is whether one crime *necessarily involves* another . . . . The 'same transaction' test is valid only when 'transaction' means a *single act*." *Com-*

4. Although the indictment only charged appellant with aggravated assault and made no mention of the crime of simple assault, this would not have precluded the court from returning a verdict charging appellant with being guilty of a crime for which he had not been originally indicted. *See, Commonwealth v. Phillips,* 183 Pa.Super. 377, 380, 132 A.2d 733, 735 (1957).

5. *See* n. 4 *supra*.

*monwealth ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 104, 21 A.2d 920, 921 (1941) (emphasis in original).

Thus, if the crime of simple assault merged with the crimes of forcible rape and involuntary deviate sexual intercourse, the trial judge would have been in error in finding appellant guilty of simple assault.

The hallmark of the crime of simple assault is the requirement that the actor

"1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another,

2) negligently causes bodily injury to another with a deadly weapon, or

3) attempts by physical menace to put another in fear of imminent serious bodily injury." 18 Pa.C.S. § 2701(a).

"Bodily injury" occurs if the actor causes "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. Since the crimes of rape and involuntary deviate sexual intercourse may be carried out by "forcible compulsion" or the threat of such compulsion, the actions of a simple assault may suffice to supply this necessary element of compulsion and overcome the volition of the victim. Thus, if the simple assault is used to overcome the volition of the victim and force submission, it would satisfy the single transaction test since the action of assault and the "forcible compulsion" would constitute the same or "single act."

Although no cases have been decided under the Crimes Code [6] definition of simple assault, cases under The Penal Code [7] are consistent with our conclusion today. Under The Penal Code, a separate offense existed for the crime of assault with intent to ravish.[8] In essence, the offense was one of "assault and battery committed with the specific intent to accomplish sexual intercourse forcibly and against the victim's will . . . ." *Commonwealth v. Moon,* 151

6. 18 Pa.C.S. §§ 101 *et seq.*

7. Act of June 24, 1939, P.L. 872, No. 375, §§ 101 *et seq.* (18 P.S. §§ 4101 et seq.), *repealed,* Act of Dec. 6, 1972, P.L. 1482, No. 334, § 5.

8. *Id.,* at § 722 (18 P.S. § 4722).

Pa.Super. 555, 562, 30 A.2d 704, 709 (1943). The basic crime was one of assault and battery, and the "intent to ravish" element was a mere aggravating factor descriptive of the actor's intent or purpose in committing the assault and battery.

The only distinction between the crimes of rape and assault with intent to ravish was that in rape, the assault resulted in submission and sexual intercourse, whereas in assault with intent to ravish the assault failed to force submission by the victim and intercourse did not result. *Commonwealth v. Moon, supra.* In *Commonwealth v. Cox*, 209 Pa.Super. 457, 228 A.2d 30 (1967), it was determined that the crime of assault with intent to ravish merged into the crime of rape if the act of intercourse resulted. *Id.*, 209 Pa.Super. at 464, 228 A.2d at 33–34. This occurred since in both cases the force employed was the same and for the same purpose, *i. e.*, to force submission. The only difference was that in one case the force was successful in overcoming the volition of the victim while in the other it was not. *Commonwealth v. Moon, supra.*

Consistent with this precedent is our holding that the crimes of rape and involuntary deviate sexual intercourse, when perpetrated by forcible compulsion,[9] includes simple assault when the assault is merely one element in the process and is used to overcome the volition of the victim.[10]

9. Although not presented in the present case, the issue arises whether the offense of simple assault is "necessarily involve[d]" when the rape or involuntary deviate sexual intercourse is effected by means other than forcible compulsion. In addition to being perpetrated by "forcible compulsion," both rape and involuntary deviate sexual intercourse may be found when committed upon one "who is unconscious" or "who is so mentally deranged or deficient that such person is incapable of consent." 18 Pa.C.S. §§ 3121(3), (4), 3123(3), (4). Whether the mere acts of rape and involuntary deviate sexual intercourse, when committed without forcible compulsion, satisfy the bodily injury requirement of simple assault, is unresolved by the holding in the present case.

10. In *Commonwealth v. Pilosky*, 239 Pa.Super. 233, 362 A.2d 253 (1976), this court affirmed a conviction for assault and battery, aggravated assault and battery, and forcible rape. The facts of that case indicate, however, that the crimes arose from separate and

In such cases, as in this case, the actions that would establish the elements of simple assault merely suffice to establish the elements of "forcible compulsion" and satisfy the same or single act requirement for merger under *Commonwealth ex rel. Moszczynski v. Ashe, supra.* Thus, the trial judge did not err in failing to find appellant guilty of the crime of simple assault, and his failure to do so does not establish that the rape and involuntary deviate sexual intercourse were effected in this case without the necessary element of forcible compulsion.

The judgment of sentence is affirmed.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

distinct acts. The two acts of assault occurred prior to and at a different location than the rape, and were not part of the single act of forcible rape thereby requiring merger in that case.