481 A.2d 610

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Nicholas RHODES, Appellant.**

Superior Court of Pennsylvania.

Submitted March 14, 1984.

Filed July 13, 1984.

Reargument Denied Sept. 26, 1984.

Alexander Hemphill, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

WIEAND, Judge:

Nicholas Rhodes was tried non-jury and was found guilty of corrupting a minor,[1] indecent exposure,[2] indecent assault,[3] involuntary deviate sexual intercourse,[4] statutory rape,[5] and forcible rape[6] as a result of sexual acts committed with an eight year old, female child. Post-trial motions were denied, and Rhodes was sentenced on the rape and involuntary deviate sexual intercourse convictions to concurrent terms of imprisonment for not less than six (6) nor

1. 18 Pa.C.S. § 6301.

2. 18 Pa.C.S. § 3127.

3. 18 Pa.C.S. § 3126.

4. 18 Pa.C.S. § 3123.

5. 18 Pa.C.S. § 3122.

6. 18 Pa.C.S. § 3121.

more than twenty (20) years. He was also sentenced to probation for five years on the conviction for corrupting the morals of a child. Sentence was suspended on the conviction for statutory rape, and no sentences were imposed on the remaining convictions. On direct appeal, Rhodes contends that the evidence was insufficient to sustain the convictions and that the sentences were excessive. We agree that the evidence was insufficient to prove a forcible rape. There is no merit in any other of appellant's contentions.

An examination of the sufficiency of the evidence in this case can best begin by examining and comparing the statutory definitions of the offenses commonly known as rape, statutory rape and involuntary deviate sexual intercourse. Rape is defined at 18 Pa.C.S. § 3121 as follows:

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious; or

(4) who is so mentally deranged or deficient that such person is incapable of consent.

Statutory rape is defined at 18 Pa.C.S. § 3122 as follows:

A person who is 13 years of age or older commits statutory rape, a felony of the second degree, when he engages in sexual intercourse with another person not his spouse who is less than 14 years of age.

Forcible rape, it will be observed, is a felony of the first degree; whereas, statutory rape has been made only a felony of the second degree.

Compare these sections of the Crimes Code, then, with the definition of involuntary deviate sexual intercourse which appears at 18 Pa.C.S. § 3123.

A person commits a felony of the first degree when he engages in deviate sexual intercourse with another person:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

(3) who is unconscious;

(4) who is so mentally deranged or deficient that such person is incapable of consent; or

(5) who is less than 16 years of age.

Specifically, it should be observed that it is a felony of the first degree to engage in deviate sexual intercourse with another person, with or without force, who is less than 16 years of age.

The testimony of the child in the instant case was as follows:

Q. What did you do when you went into the room? What happened?

A. He told me to lay down.

Q. Now Tanya, when you lay down, did you lay down?

A. Yes.

Q. When you lay down, did you lay down on your stomach or lay down on your back?

A. On my back.

. . . .

Q. Now Tanya, when you laid down what happened?

A. He told me to pull my leg up.

Q. Did you put your legs up?

A. Yes.

Q. What happened after you put your legs up? What did Nicky do?

A. (There is no response.)

Q. Tanya, what did Nicky do after you put your legs up?

A. (There is no response.)

Q. Was Nicky standing, was he sitting, was he kneeling, was he laying down, do you remember?

A. He was standing.

Q. And did he stand the whole time you were in the room or did he do something else?

A. He did something else.

Q. What else did he do?

A. He laid down.

Q. Now, when he laid down, did he lay down on the floor or did he lay on top of some one or some thing?

A. Yes.

Q. What did he do?

A. He laid down.

Q. What did he lay down on?

A. Me.

Q. Now, what did Nicky do when he laid down on you?

A. (There is no response.)

Q. Tanya, did Nicky touch you any where?

A. Yes.

Q. Where did he touch you?

A. On my butt.

Q. When you say your butt, why don't you stand up for the Judge, and show him where you mean. Okay?

A. (Indicates) right here.

Q. Go ahead, you can sit down. Now Tanya, with what did Nicky touch you on your butt? Did he touch you with something?

A. Yes.

Q. What did he touch you with, what do you call it, what did he touch you with?

A. (There is no response.)

Q. Did he touch you with his hand?

A. No.

Q. Would you point for the Judge where it is, what thing, that is, he touched you with, where it is on Nicky. Stand up.

A. Right here.

Q. I can't see you.

A. Right here.

MRS. TUCKER: Turn around, the Judge has to see you, Honey.

Indicating, for the record, the pubic area.

Q. Now, Tanya, did you see Nicky, did you see the thing that Nicky touched you with, did you see it?

A. Yes.

Q: Now, what did you do or what did you say when Nicky touched you there?

A. I told him to stop.

Q. And what did Nicky say to you?

A. Nothing.

Q. And how long did you stay in the room, a long time or a short time?

A. A short time.

A medical examination of the child was positive for rectal and vulvular sperm and disclosed a recto-vaginal fissure about 1½ centimeters in length. Her panties contained blood and seminal stains.

■ When this evidence is viewed in the light most favorable to the Commonwealth, which won the verdict, its sufficiency to show that appellant engaged in natural and unnatural sexual intercourse with the child in violation of Sections 3122 and 3123 of the Crimes Code is readily apparent. The weight and credibility of the child's testimony, of course, were for the trier of the facts. The credibility of her testimony was not destroyed and her testimony was not rendered incompetent merely because she initially told police that the sex act had taken place in an alley. See: *Commonwealth v. Whack*, 482 Pa. 137, 140, 393 A.2d 417, 418–419 (1978); *Commonwealth v. Williams*, 290 Pa.Super. 209, 214, 434 A.2d 717, 719 (1981). This is particularly so where, as here, the child's testimony regarding sexual contact has been corroborated in large part by medical evidence.

■ It is equally apparent, however, that the Commonwealth failed to prove a forcible rape. There is not one iota of evidence that sexual intercourse was accomplished by

forcible compulsion or by threat of forcible compulsion. Similarly, there was no evidence that the child was unconscious or mentally deficient. Although we do not minimize the heinous nature of appellant's act, it seems clear that the act of vaginal intercourse was criminal because of the provisions of 18 Pa.C.S. § 3122 defining statutory rape and not because it was a forcible rape as defined in 18 Pa.C.S. § 3121.[7]

■ The conviction and sentence for rape, therefore, will be reversed and set aside. We have also reviewed the sentences imposed for involuntary deviate sexual intercourse and corrupting the morals of a minor, as well as the court's reasons for these sentences. Contrary to appellant's contention, we perceive no abuse of discretion. The sentence was warranted by the nature of the crimes committed, appellant's prior criminal and psychiatric record, and the potential threat which he presented to the community if he were not confined. However, we cannot be certain that the trial court's sentences for such offenses would have been the same if it had known that the conviction for forcible rape would be set aside. Therefore, we will vacate all judgments of sentence and remand for resentencing. See: *Commonwealth v. Conrad*, 285 Pa.Super. 571, 578, 428 A.2d 192, 196 (1981); *Commonwealth v. Lezinsky*, 264 Pa.Super. 476, 480, 400 A.2d 184, 186 (1979).

The conviction for forcible rape and the judgment of sentence imposed therefor are reversed and set aside. The

7. If we were being asked to define the common law crime of rape, our inclination would be to agree with the author of the dissent and infer necessary force from a young child's lack of capacity to give consent. However, we are required in this case to construe the provisions of the Crimes Code which, it will be recalled, abolished all common law crimes. 18 Pa.C.S. § 107(b). When we examine the provisions of Sections 3121 and 3122 of the Code "according to the fair import of their terms," as we are required to do by 18 Pa.C.S. § 105, we conclude that appellant's conduct violated Section 3122, not Section 3121. We cannot expand the offense of forcible rape, as defined in 18 Pa.C.S. § 3121, to include any and all sexual intercourse with an eight year old child without rewriting the clearly expressed intent of the legislature.

judgments of sentence for the remaining convictions are vacated, and such cases are remanded for resentencing.

Jurisdiction relinquished.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

Despite the fact that appellant has not argued at trial, in his post-trial motions, or on appeal, that the rape of this eight year old victim was consensual, the majority has concluded that the act was not a forcible rape and has overturned the trial court's conviction.[1]

The evidence was that appellant, age twenty, was a neighbor of the victim, that he encountered her in a playground and led her to an "old house", then to a room upstairs and there "told" her what to do. Her description is set forth in the excerpt of the testimony in the majority opinion. We note that when appellant "touched" the victim, she related "I told him to stop."

The necessary implication of the majority's decision is that this eight year old child engaged in an act of consensual intercourse with appellant. I cannot agree. There is a serious question that an eight year old child is capable of consenting to sexual intercourse.[2] Common sense and human experience compel us to the conclusion that a child of such tender years should not be expected to know the nature and implications of human sexual intercourse. Since the statute excludes from the consensual defense a victim who is "so mentally deranged or deficient that such person

1. The credibility argument made by appellant's counsel dealt only with the child victim's description of the precise location of the rape and the defendant's denial and the absence of dirt on his clothes.

2. At Common Law, a child under the age of seven was *conclusively* presumed to have no capacity to commit a crime, and, therefore, cannot be either a principal or accomplice or an accessory thereto. A child under seven lacked the capacity to commit an assault and battery and likewise lacked the capacity to consent to its commission upon her. *Commonwealth v. Bowes,* 166 Pa.Super. 625, 74 A.2d 795 (1950).

is incapable of consent"[3], how much more so should it be interpreted to protect a child who by reason of her infancy may not be said to have developed a cognition of the nature of an act of adult sexuality.

Likewise, viewing this episode from the standpoint of forcible compulsion or the threat of forcible compulsion that would prevent resistance by a person of reasonable resolution,[4] it is equally clear that the rape conviction should stand. The force or threat of force necessary to support a rape conviction need only be such as to establish a lack of consent, and it is a relative concept depending upon the particular circumstances.[5] *Commonwealth v. Rough*, 275 Pa.Super. 50, 418 A.2d 605 (1979); *Commonwealth v. Irvin*, 260 Pa.Super. 122, 393 A.2d 1042 (1978).

In *Commonwealth v. Brown*, 290 Pa.Super. 448, 434 A.2d 838 (1981), we recognized that what could be read as consent on the part of a twenty nine year old rape victim was more properly seen as a recount of the desperate stratagems of a lone female in peril. How much less should we, on appellate review, be willing to set aside the factfinder's resolution and find that the illicit commands of this twenty year old appellant in an isolated and abandoned room were anything less than an imperative which gave the child victim no alternative but submission to appellant's corrupt scheme.

In *Commonwealth v. Cyaus*, 88 Pa.Super. 227 (1926), the court reviewed the conviction of appellant on charges of assault and battery with intent to ravish. The court stated:

3.  18 Pa.C.S. § 3121(4).

4.  18 Pa.C.S. § 3121(1) (2).

5.  "[C]onsent is an act of free will. It is not the absence of resistance in the face of actual or threatened force inducing a woman to submit to a carnal act"; active opposition is not a prerequisite to finding lack of consent. *Commonwealth v. Hayden*, 224 Pa.Super. 354, 356–57, 307 A.2d 389, 390 (1973). *See Commonwealth v. Moskorison*, 170 Pa.Super. 332, 85 A.2d 644 (1952). *Commonwealth v. Rough*, 275 Pa.Super. 50, 56, 418 A.2d 605, 608 (1979). *See also Commonwealth v. Claypool*, 317 Pa.Super. 320, 327 n. 7, 464 A.2d 341, 344 n. 7 (1983), *Commonwealth v. Fortune*, 305 Pa.Super. 441, 447, 451 A.2d 729, 730 (1982).

The first contention, as we understand it, is that the evidence does not establish that the assault and battery charged was committed upon the girl "with intent, forcibly and against her will, to have unlawful carnal knowledge" of her, as provided in section 93 of the Crimes Act of 1860, under which the indictment was drawn and which reads as follows: "Section 93. If any person shall be guilty of committing an assault and battery upon a female, with intent, forcibly and against her will, to have unlawful carnal knowledge of such female, every such person shall be guilty of a misdemeanor, and on conviction, be sentenced, etc." It seems clear that the offense denounced by this section of the Act is assault and battery committed with the specific intent to accomplish the purpose forcibly and against the victim's will; and that consensual sexual intercourse with a female of any age is not within its terms (*Commonwealth v. Miller*, 80 Pa.Superior Ct. 309). The uncontradicted evidence in the case is that the victim of the alleged assault was a female child under five years of age at the time of its commission. In view of the extreme youth of the child alone the jury was warranted in finding that she was incapable of consenting to sexual intercourse and that the touching of her body by the defendant with intent to carnally know her was against her will. The child testified that the defendant "laid me on the floor and he done dirty things to me"; that he hurt her between her legs; "with between his legs." This testimony was sufficient, if credited by the jury, to establish not only that the defendant committed an assault and battery on the child but also that his intention was to have unlawful carnal knowledge of her *by force*. Where, as here, the female is not only so young that she is incapable of consenting to sexual intercourse, but cannot even entertain a thought upon that subject, a jury is warranted in finding an intent to have carnal knowledge of the child *forcibly* whenever the evidence warrants a finding that the defendant laid his hands upon her with an intent to carnally know her. It

follows that the evidence was sufficient, if believed, to establish all the elements of the offense charged.

In *Commonwealth v. Stephens,* 143 Pa.Super. 394, 17 A.2d 919 (1941), the court recounted the historical development of the law on rape, especially the element of force.

[I]n Reg. v. Dee, supra, 15 Cox C.C. 579, at page 585, the court said: "Rape may be defined as sexual connection with a woman forcibly and without her will: (Reg. v. Fletcher, 8 Cox C.C. 134.) *It is plain, however, 'forcibly' does not mean violently, but with that description of force which must be exercised in order to accomplish the act* for there is no doubt that unlawful connection with a woman in a state of unconsciousness, produced by profound sleep, stupor, or otherwise, if the man knows that the woman is in such a state, amounts to rape." "It is settled by a chain of adjudication, too long and unbroken to be now shaken, that force is a necessary ingredient in the crime of rape.—Bishop on Crim.Law, § 411. *The only relaxation of this rule is, that this force may be constructive.* Under this relaxation, it has been held that where the female was an idiot, or had been rendered insensible by the use of drugs or intoxicating drinks, and, *in one case, where she was under the age of ten years, she was incapable of consenting, and the law implied force.*—Rex [Reg.] v. Ryan, 2 Cox's C.C. 115; Commonwealth v. Fields, 4 Leigh, Va., 648; State v. Shepard, 7 Conn. 54; Regina v. Camplin, 1 Car. & Kir. 746; Bishop's Cr.Law, § 343". Lewis v. State, 30 Ala. 54, at page 56, 68 Am. D..c. 113.

*Commonwealth v. Stephens, supra,* 143 Pa.Superior Ct. at 349, 17 A.2d at 921. (Emphasis added).

In the case at bar, the victim clearly did not consent to have sexual relations with the appellant. In addition, it is my belief that although the victim here was eight and the victim in *Commonwealth v. Cyaus,* 88 Pa.Super. 227 (1926), was five at the time of the offense, *Cyaus* is apposite to this case. Where the victim is so young as to be incapable of consenting to an act of sexual intercourse, and particu-

larly here, where the twenty year old appellant is a neighbor whom the eight year old victim knows by name, force may be imputed to his acts.

Finding no merit to appellant's contentions on appeal, I would affirm the judgment of sentence.