539 A.2d 1341

COMMONWEALTH of Pennsylvania

v.

Thomas POINDEXTER, Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 8, 1988.

Filed April 4, 1988.

MaryAnn F. Swift, Philadelphia, for appellant.

Donna G. Zucker, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, MONTEMURO and WATKINS, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of sentence entered after a jury convicted appellant of three counts each of rape, statutory rape, and involuntary deviate sexual intercourse. Appellant presents us with four issues for our review: (1) whether counsel was ineffective for failing to seek the recusal of the preliminary hearing judge; (2) whether counsel was ineffective for failing to challenge the bills of information as to one of the victims, A.P., on the basis of double jeopardy; (3) whether the trial court erred by preventing defense counsel from questioning one of the victims, A.P., about a statement she made to the police concerning her sexual conduct with another adult male; and (4) whether the prosecutor failed to prove that the sexual intercourse was by forcible compulsion or by threat of forcible compulsion. In addition, although represented by counsel on this appeal, appellant included the following *pro se* argument which was attached as a supplemental argument to counsel's brief: whether trial counsel was ineffective for failing to call certain witnesses. For the reasons stated below, the judgment of sentence is affirmed.

The trial court aptly stated the facts as follows:

Defendant sexually abused his three daughters, [A.P., Cl.P., and Ca.P.], commencing on or about January 1, 1974, before they had attained puberty, and continuing on a frequent basis up to August 26, 1983. At all relevant

times, his youngest daughters [Cl.P. and Ca.P.], were under the age of 14; [A.P.], the eldest, turned 15 six months before the last incident. The instant charges were filed against defendant on November 2, 1983. Trial court opinion at 1–2. Appellant was sentenced to a concurrent term of 5–to–10 years' imprisonment on each of the three involuntary deviate sexual intercourse bills and a consecutive term of 5–to–10 years' imprisonment on each of the three rape bills.

 Appellant's first contention is that counsel was ineffective for failing to seek the recusal of the preliminary hearing judge since he was the same judge who had presided over a trial for appellant less than two years earlier. When confronted with a claim of ineffectiveness of counsel, this Court must determine whether the issue underlying the charge of ineffectiveness is of arguable merit. *See Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967). If the issue is found to be of arguable merit, our inquiry shifts to a determination of whether the course chosen by counsel had some reasonable basis in promoting the client's interests. *Id.* In addition, appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial. *See Commonwealth v. Verdekal,* 351 Pa.Super. 412, 506 A.2d 415 (1986). Counsel is presumed to be effective and the burden of proving the contrary rests on the party alleging counsel's ineffectiveness. *See Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). For the following reasons, we find appellant's contention to be meritless.

The determination of whether a trial judge should recuse himself depends upon the following:

... "the type of evidence that the judge hears; if the evidence is inadmissible and is of a highly prejudicial nature, the judge should recuse himself or declare a mistrial if it is too late for recusal." The judge should also recuse himself whenever there is substantial doubt as to his ability to preside impartially. The burden to show prejudice, however, is on the party seeking recusal.

"If the evidence is admissible, or not of a highly prejudicial nature, recusal is not required," and while it may be the better practice to have a different judge preside over trial than preside over pre-trial proceedings, such a practice is not constitutionally required and has not been made the basis for setting aside a verdict reached in an otherwise proper trial. This principle appears to be based on "the prevailing view that judicial fact-finders are capable of disregarding prejudicial evidence."

*Commonwealth v. Lewis*, 314 Pa.Super. 298, 303–04, 460 A.2d 1149, 1151–1152 (1983) (citations omitted).

■ Instantly, the Honorable Leonard A. Ivanoski, Jr. presided over appellant's preliminary hearing and the Honorable Angelo A. Guarino presided over appellant's jury trial. Appellant has failed to assert any basis for prejudice other than that the preliminary hearing judge presided over an earlier trial involving similar charges brought by one of the victims, A.P., against appellant. The mere participation by a presiding judge in an earlier stage of the proceedings or in an earlier trial is not, in itself, sufficient evidence of prejudice. *See Commonwealth v. Edney*, 318 Pa.Super. 362, 464 A.2d 1386 (1983); *Commonwealth v. Boyle*, 498 Pa. 486, 447 A.2d 250 (1982). Appellant merely states in his brief that "[b]ias, prejudice and unfairness should strongly be inferred" because the preliminary hearing judge presided at an earlier trial involving circumstances similar to the instant case. Brief for appellant at 7. We, accordingly, find that appellant has not met his burden of proving prejudice on the part of the preliminary hearing judge.

In addition, appellant's argument appears to be moot. Our review of the record reveals that nothing occurred during the *trial* that would cast doubt on the trial judge's impartiality or objectivity. Moreover, appellant was convicted by a jury. Appellant, consequently, received a fair trial. There is no indication on the record that appellant was prejudiced by the fact that the *preliminary hearing judge* had presided over an earlier trial involving appellant. *See Commonwealth v. Satzberg*, 358 Pa.Super. 39, 516 A.2d

758 (1986); *Commonwealth v. Johnson*, 291 Pa.Super. 566, 436 A.2d 645 (1981). Accordingly, appellant's trial counsel did not have sufficient grounds to seek recusal of the preliminary hearing judge and, hence, counsel cannot be deemed ineffective for failing to advance a meritless claim.

■ Appellant's second contention is that trial counsel was ineffective for failing to challenge the bills of information as to one of the victims, A.P., on the basis of double jeopardy. We disagree.

Double jeopardy protects against a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *See Commonwealth v. Ford*, 315 Pa.Super. 281, 461 A.2d 1281 (1983). Appellant was convicted in April of 1982 for assault, indecent assault, and corruption of a minor, arising from one incident with his daughter, A.P., which occurred earlier in 1982. We agree with the trial court that appellant's 1982 conviction did not protect him from a subsequent prosecution involving later sexual assaults on his daughter, A.P. During appellant's 1985 trial, A.P. testified that appellant resumed his pattern of rape just months after his conviction in 1982. Accordingly, appellant was not punished twice for a single wrongful act; rather, he was prosecuted and punished for separate acts he committed against A.P. after his 1982 conviction. Hence, trial counsel cannot be considered ineffective for failing to raise a meritless claim.

■ Appellant's third contention is that the trial court erred by preventing defense counsel from questioning A.P. about a statement she made to the police concerning her sexual conduct with another adult male. In determining whether evidence of a victim's sexual conduct is admissible, we must turn to the Rape–Shield Law which provides as follows:

(a) **General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct

shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a). Appellant correctly argues that the Rape–Shield Law does not preclude evidence of prior sexual activity with third persons which is offered to show the victim's bias or motive. In *Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985) (en banc), this Court stated:

> While we hold that Pennsylvania's Rape Shield Law may not be used to exclude relevant evidence showing witness' bias or attacking credibility, we do not hold that all material evidence is necessarily admissible. Although logically relevant, evidence tending to show the victim's prejudice or lack of credibility may be excluded if "it would so inflame the minds of the jurors that its probative value is outweighed by unfair prejudice." *Commonwealth v. Stewart*, 304 Pa.Super. 382, 387, 450 A.2d 732, 734 (1982) (quoting *Commonwealth v. Strube*, 274 Pa.Super. 199, 216, 418 A.2d 365, 374 (1979) (citations omitted), *cert. denied*, 449 U.S. 992, 101 S.Ct. 527, 66 L.Ed.2d 288 (1980)).

*Id.*, 337 Pa.Superior Ct. at 557, 487 A.2d at 401.

In the present case, appellant argues that testimony about A.P.'s prior sexual activity with her boyfriend would have shown that A.P. was motivated to press charges against appellant, her father, because of domestic difficulties arising from her relationship with her boyfriend which her father did not approve of and which he had sought to discontinue by filing charges against her boyfriend. We find that the trial court properly limited the scope of defense counsel's cross-examination since the evidence he sought to elicit had little probative value and was highly prejudicial. Whether A.P. was sexually active with an adult boyfriend was irrelevant on the issue of whether appellant

had intercourse with her. As the trial court explained in its opinion, what was relevant was that appellant had filed charges against A.P.'s boyfriend, from which the jury could have inferred that A.P. was pressing the instant charges against appellant in retaliation; this, defense counsel was allowed to argue and show. *See* N.T. 1/21/85 at 105–110. By excluding non-probative and highly prejudicial evidence of prior sexual conduct, the trial court did nothing to hamper appellant's defense that A.P. filed the charges against him in retaliation for appellant's filing of charges against her boyfriend.

■ Appellant's fourth contention is that the prosecutor failed to prove that the sexual intercourse was by forcible compulsion or by threat of forcible compulsion. We disagree. In *Commonwealth v. Williams*, 294 Pa.Super. 93, 439 A.2d 765 (1982), this Court explained:

A person commits the crime of rape when he engages in sexual intercourse with another person not his spouse by forcible compulsion; or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution; or who is unconscious; or who is incapable of consent because of a mental deficiency which would preclude the person of consenting. 18 Pa.C.S.A. 3121. The same criteria apply to the crime of involuntary deviate sexual intercourse. 18 Pa.C.S.A. 3123. The force necessary to support convictions for rape and involuntary deviate sexual intercourse need only be such as to establish lack of consent and to induce the woman to submit without additional resistance. *Commonwealth v. Irvin*, 260 Pa.Superior Ct. 122, 393 A.2d 1042 (1978). It is not necessary that the victim be beaten, that the victim cry, that the victim become hysterical, or that she be threatened by a weapon for the crime of rape to occur. The degree of force required to constitute rape is relative and depends upon the facts and particular circumstances of the case. It is not necessary that force be actually

applied by the perpetrator to the victim. *Commonwealth v. Irvin, supra.*

*Id.,* 294 Pa.Superior Ct. at 97, 439 A.2d at 767–768. Whether a threat of force has overcome a victim's will to resist is a question for the jury to determine. *See Id.*

Instantly, we agree with the trial court that, in light of the circumstances surrounding the sexual assaults, the jury properly found sufficient evidence of force:

> Since the sexual assaults commenced at a very tender age, the force applied to compel their submission was by and large subtle and psychological. The evidence established that the girls generally submitted to defendant's persistent and ofttimes petulant demands for incestual coitus out of a sense of duty and obedience to parental authority. On the occasions when they did resist, he overcame their unwillingness by truculent reproaches and threats to beat them if they did not obey. In fact, both [Cl.P. and Ca.P.] testified that they were beaten on two occasions. As the girls grew older and became aware of their womanhood and the wrongfulness of the acts, he admonished them to remain silent lest they cause the family to split up and lose their mother's love.

Trial court opinion at 2.

■ Appellant also raises an issue in a *pro se* document which was attached as a supplemental argument to counsel's brief. We will not address appellant's *pro se* argument. This Court has stated that it will not consider documents filed *pro se* by a defendant who is represented by counsel on appeal. *See Commonwealth v. Henry,* 341 Pa.Super. 146, 491 A.2d 193 (1985); *Commonwealth v. Moore,* 321 Pa.Super. 1, 467 A.2d 862 (1983).[1]

Accordingly, the judgment of sentence is affirmed.

---

1. Even if appellant's *pro se* argument was properly before us, we would find it meritless. Appellant fails to allege that the witnesses were available and prepared to cooperate and testify for the defense. *See Commonwealth v. Griffin,* 357 Pa.Super. 308, 515 A.2d 1382 (1986), *appeal denied,* 515 Pa. 574, 527 A.2d 535 (1987). Accordingly, appellant has failed to meet his burden of proving that the issue underlying his claim of ineffectiveness was of arguable merit.