J-A21002-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

IN THE INTEREST OF:  T. M. S., JR., A MINOR,

APPEAL OF:  T. M. S., JR., A MINOR

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1889  WDA 2016

Appeal from the Order Entered November 16, 2016
In the Court of Common Pleas of McKean County
Criminal Division at No(s):  CP-42-JV-0000061-2016

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:          FILED  NOVEMBER 27, 2017

Appellant, T.M.S., Jr., a minor, appeals from the juvenile court's dispositional order, imposed following his adjudication of delinquency for rape, involuntary deviate sexual intercourse (IDSI), and related offenses. Appellant challenges the sufficiency of the evidence, arguing that the Commonwealth failed to prove the element of forcible compulsion common to each of his sexual offenses.  After careful review, we affirm.

The juvenile court provided the following factual summary for this case:

> [Victim] is a slightly built young woman, 17 years old.  She testified she sneaked out of her parents' house around midnight on the evening of November 15, 2015.  She walked to the "bottom of her road," and got into [Appellant's] grandmother's car which he was driving without her permission.  [Appellant] drove to a nearby shopping mall and parked behind a Tractor Supply store.
>
> [Victim] testified that she and [Appellant] were seated in bucket seats in the front seat of the car when [Appellant] suggested they get into the backseat.  He got out of the driver side door, she got out of the passenger side door, and both got into the backseat.

After kissing and "making out," [Appellant] removed [Victim]'s clothes. She did not object but testified "it made me a bit uncomfortable." N.T., 10/4/16, at 21. At one point [Appellant] put his finger in her vagina and performed oral sex on her. She did not tell him she objected or ask him to stop.

[Victim] testified that at that point "He got over on top of me and tried to have intercourse with me, and I said, 'Wait. Stop.' And tried, like, pushing him off me, and I said, 'Wait. Stop,' like, three times." Id. at 25. [Appellant] then proceeded to engage in vaginal intercourse. [Victim] testified she tried to stop [Appellant] "when I tried to push him off me." Id. at 25, 26.

Subsequently, [Appellant] told [Victim] to get out of the car and turn around. He then engaged in anal intercourse. While [Victim] testified she told [Appellant] to stop, the Commonwealth presented no evidence that he engaged in forcible compulsion in committing the act.[1] [Victim] testified that after she asked him to stop, [Appellant] said "Well, I though[t] you said you loved me. And I said that I did, and I just - I didn't want him doing that." Id. at 28-29.

As noted, [Victim] is a slightly built 17-year-old of small frame. [Appellant], on the other hand, is an athletically built and strong young man, also 17. When [Victim] testified she tried to push [Appellant] off her, I have little doubt she would be physically unable to do so and would, as a result, be forcibly compelled to submit to his assault.

Juvenile Court Opinion (JCO), 1/6/17, at 2-3 (emphasis added).

Following a hearing on October 4, 2016, the juvenile court adjudicated Appellant delinquent of rape, 18 Pa.C.S. § 3121(a)(1); IDSI, 18 Pa.C.S. § 3123(a)(1); aggravated indecent assault, 18 Pa.C.S. § 3125(a)(2); and

_____

[1] This is a legal conclusion imbedded within the juvenile court's summary of the facts, which we ultimately reject, as discussed infra.

indent assault, 18 Pa.C.S. § 3126(a)(2).[2] A dispositional hearing was held on November 15, 2016, at which time Appellant was ordered to serve 6-12 months' probation (concurrent with other cases) and 20 hours of community service. Appellant was also placed in a sexual offender treatment facility.

Appellant filed a timely Notice of Appeal from the dispositional order on December 15, 2016. He preemptively filed a Pa.R.A.P. 1925(b) statement on December 19, 2016, and the juvenile court filed its Rule 1925(a) opinion on January 6, 2017.

Appellant now presents the following question for our review:

> [W]hether the [juvenile court] erred and/or committed an abuse of discretion when it found that the Commonwealth had established beyond a reasonable doubt the material element of forcible compulsion necessary to sustain an adjudication of delinquency as to count[s] one through four of the juvenile petition[:] rape, involuntary deviate sexual intercourse, aggravated indecent assault and indecent assault[?]

Appellant's Brief at 5.

As suggested by its factual summary, the juvenile court indicates that it erred in adjudicating Appellant delinquent of IDSI, due to a slight break in time between the first and second round of sexual assaults, but states that the other three sexual offenses were supported by sufficient evidence of forcible compulsion. Appellant maintains that none of the offenses were supported by sufficient evidence of forcible compulsion, while the

_____

[2] Appellant was also adjudicated delinquent of several motor vehicle code violations not at issue in the instant appeal.

Commonwealth argues that all four offenses were supported by sufficient evidence of forcible compulsion, despite the juvenile court's change of heart.

Our standard of review of sufficiency claims is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

The offenses at issue in this case are defined, in pertinent part, as follows:

### Rape

(a) Offense defined.--A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

    (1) By forcible compulsion[;]

18 Pa.C.S. § 3121.

### IDSI

(a) Offense defined.--A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

    (1) by forcible compulsion;

18 Pa.C.S. § 3123.

### Aggravated Indecent Assault

(a) Offenses defined.--Except as provided in sections 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse) and 3124.1 (relating to sexual assault), a person who engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical, hygienic or law enforcement procedures commits aggravated indecent assault if:

...

    (2) the person does so by forcible compulsion;

18 Pa.C.S. § 3125.

### Indecent Assault

(a) Offense defined.--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

...

    (2) the person does so by forcible compulsion;

18 Pa.C.S. § 3126.

Common to each of these crimes is the element of "forcible compulsion." The Crimes Code defines "forcible compulsion" as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied. The term includes, but is not limited to, compulsion resulting in another person's death, whether the death occurred before, during or after sexual intercourse." 18 Pa.C.S. § 3101.

It is well-established that in order to prove the "forcible compulsion" component, the Commonwealth must establish, beyond a reasonable doubt, that the defendant "used either physical force, a threat of physical force, or psychological coercion, since the mere showing of a lack of consent does not support a conviction for rape ... by forcible compulsion." *Commonwealth v. Brown*, 556 Pa. 131, 136, 727 A.2d 541, 544 (1999). In *Commonwealth v. Rhodes*, 510 Pa. 537, 510 A.2d 1217 (1986), our Supreme Court stated that forcible compulsion includes "not only physical force or violence, but also moral, psychological or intellectual force used to compel a person to engage in sexual intercourse against that person's will." *Rhodes*, 510 Pa. at 555, 510 A.2d at 1226. Further, the degree of force required to constitute rape is relative and depends on the facts and particular circumstances of a given case. *Commonwealth v. Ruppert*, 397 Pa. Super. 132, 579 A.2d 966, 968 (1990), appeal denied, 527 Pa. 593, 588 A.2d 914 (1991).

*Commonwealth v. Eckrote*, 12 A.3d 383, 387 (Pa. Super. 2010).

Instantly, Appellant argues that there was insufficient evidence to support a finding of "forcible compulsion," with respect to all the offenses, not just the IDSI which occurred a short time after the first three offenses. Appellant reasons as follows:

The [juvenile court] found the testimony of [Victim] to be credible and consequently found that she did not consent to the sexual advance of [Appellant]. However, in reaching its conclusion that the Commonwealth met its burden regarding the element of forcible compulsion, the [juvenile court] followed only [its] subjective observation as to the relative size of [Victim] vis-a-vis that of [Appellant]. Both [Victim] and [Appellant] testified. The Commonwealth could have established a record as to the height, weight and other physical characteristics of [Victim] as well as [Appellant], yet did not do so. Nor, for that matter, did the [juvenile court]. Moreover, the Commonwealth could have developed how or why the size differential of [Appellant] and [Victim] contributed to the forcible compulsion necessary to sustain an adjudication as well what other factor or factors may have contributed to the level of restraint of force necessary. On this too, the record is absolutely silent.

The relative size of [Appellant] as compared to that of [Victim] is, in and of itself, insufficient to sustain a finding of forcible compulsion beyond a reasonable doubt. To sustain such a finding, something more than the size of the perpetrator as compared to that of the victim must be proven.

Appellant's Brief at 12.

First, with regard to the first three offenses in time (rape, aggravated indecent assault, and indecent assault), Appellant's argument is factually inaccurate. While Appellant claims that the juvenile court only found the element of forcible compulsion present based on the size differential between Appellant and Victim, that was not the case. The juvenile court noted that Victim testified that she repeatedly tried to stop Appellant by attempting to push him off of her. JCO at 3.

Indeed, the record supports that Victim was overcome by the Appellant's direct use of physical force. During direct examination, Victim testified: "He got over top of me and tried to have intercourse with me, and I said, 'Wait. Stop,' and tried, like, pushing him off me, and I said, 'Wait. Stop,' like, three times." N.T., 10/4/16, at 25. When subsequently asked how many times she tried to push Appellant off of her, Victim replied, "A couple times." Id. at 26. When she was asked if she tried to "stop the intercourse," Victim replied, "Yes[,] when I tried to push him off me." Id.

In Commonwealth v. Garaffa, 656 A.2d 133 (Pa. Super. 1995), the appellant claimed that "factors such as the victim's admissions that she willingly accompanied Appellant into the hotel room and failed to attempt to leave the room when given the opportunity, coupled with the fact that [the

- 7 -

a]ppellant did not verbally threaten her, shows the lack of forcible compulsion." Id. at 135. We rejected his claim, because the victim had testified that "she was pushed back on the bed, that she was 'fightin'," and that "she pushed him away." Id. at 136 (emphasis added).

We also found the element of forcible compulsion present under the factual circumstances of Eckrote:

> Here, the evidence viewed in the light most favorable to the Commonwealth overwhelmingly establishes that the act of sexual intercourse was performed by forcible compulsion. Eckrote drove C.B. unwillingly to an undisclosed location and then told her he wanted to have sex with her. After C.B. adamantly told Eckrote "no", he stated he wanted to kill himself and subsequently ordered her to remove her pants. Eckrote then jumped over into the passenger side of the vehicle, pushed the seat back as far as it would go and climbed on top of C.B. Eckrote unzipped his jeans and began penetrating C.B.'s vaginal area. According to C.B., she attempted to push Eckrote off of her with her hands; however, Eckrote would not get off of her until he finished the sexual assault.

Eckrote, 12 A.3d at 387 (citations omitted, emphasis added).

Here, Victim's repeated attempts to push Appellant off her, while verbally protesting his actions, were analogous to the scenarios presented in both Eckrote and Garaffa. It is logical that, in order to overcome Victim's physical resistance (pushing), Appellant necessarily had to use some degree of force himself to commit the act of vaginal intercourse. Accordingly, we conclude that the evidence was sufficient to demonstrate forcible compulsion with respect to Appellant's delinquent adjudications for rape, aggravated indecent assault, and indecent assault.

Turning to the later-in-time offense of IDSI, the juvenile court now explains that there was insufficient evidence to support the element of forcible compulsion at that time for the following reason(s):

> The first assault was separated by a break in time from the second. After T.M.S. engaged in vaginal intercourse, the victim testified "he laid on the back seat, and I laid on him." [N.T., 10/4/16,] at 27. At one point she had gotten partially dressed and put her shirt back on before getting out of the car and being subjected to anal intercourse.
>
> While [Victim] testified she did not feel threatened during her time with [Appellant], she "was worried - I was scared about him getting mad," or "what he would have said if I'd [have] said no." Id. at 49, 50, 51. This reference to him "getting mad" or worried about what he would have said, however, standing alone, provides little support for the argument T.M.S. engaged in forcible compulsion. Based on this limited reference in her testimony there is no basis to support a conclusion that she feared for her physical safety or that T.M.S. held any particular psychological advantage over her.

JCO at 4.

We disagree with the juvenile court's analysis. Moments prior to the act of anal intercourse which provided the basis for the IDSI charge, Appellant had engaged in forcible compulsion to commit a rape. The fact that there was a short pause between the assaults appears trivial in the context of the totality of the circumstances of this case. In this regard, we hold that the forcible compulsion which underpinned the initial assault was sufficient to support the subsequent IDSI offense.

Alternatively, we also reject the juvenile court's analysis that Victim's statements were not indicative of Appellant's use of "intellectual, moral, emotional or psychological force, either express or implied," especially in

light of other testimony. 18 Pa.C.S. § 3101. Victim testified that while the act of anal intercourse was occurring, she repeatedly told Appellant to stop. N.T., 10/4/16, at 28. She said Appellant replied at one point, "Well, I thought you said you loved me." Id. at 29. This is a clear indication of the use of moral, emotional, or psychological force, especially in the context of the forcible rape which had occurred immediately prior to the IDSI. Thus, even if the physical force used to commit the initial round of assaults was not directly applicable to the IDSI offense, we hold that that it was nonetheless a relevant circumstance to consider with regard to the IDSI offense, which, in conjunction with the moral, emotional, and/or psychological force demonstrated by Victim's testimony, constituted, collectively, sufficient evidence of forcible compulsion. Accordingly, we reject the juvenile court's sufficiency analysis with regard to the IDSI offense.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/27/2017

- 10 -