J-S41005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK ARTHUR MASSEY, JR. | : | |
| | : | |
| Appellant | : | No. 590 MDA 2019 |

Appeal from the PCRA Order Entered April 1, 2019
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000654-2017

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 01, 2019**

Jack Arthur Massey, Jr., appeals from the order, entered in the Court of Common Pleas of Franklin County, dismissing his petition for relief filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Massey argues his trial attorney was ineffective for failing to object to jury instructions.  After careful review, we affirm on the basis of the opinion authored by the Honorable Angela R. Krom.

Massey was charged with involuntary deviate sexual intercourse (IDSI),[1] aggravated indecent assault,[2] indecent assault,[3] and corruption of

---

[1] 18 Pa.C.S. § 3123(a)(7).

[2] 18 Pa.C.S. § 3125(a)(1).

[3] 18 Pa.C.S. § 3126(a)(1).

---

*   Retired Senior Judge assigned to the Superior Court.

minors.[4]    While Massey was initially charged with IDSI under section 3123(a)(7)—complainant less than 16 years of age, following the victim's testimony, the Commonwealth moved to amend the information and proceeded under section 3123(a)(1)—IDSI by forcible compulsion.  The trial court granted the motion.  Following the trial on May 10, 2019, the jury found Massey guilty on all charges.  On June 20, 2018, Massey was sentenced to an aggregate term of 123 to 384 months' incarceration.  Massey did not file any post-sentence motions.

On July 9, 2018, while still represented by counsel, Massey filed a *pro se* appeal.  The court noted that the notice of appeal did not contain counsel's signature, but that it would recognize the notice insofar as it preserved his direct appeal rights.   The court requested a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On July 23, 2018, Massey's counsel withdrew the appeal and informed the court that Massey would be filing a PCRA petition arguing ineffective assistance of counsel.  After informing the court, Massey's trial counsel ceased involvement in the case.  On July 25, 2018, Massey filed his *pro se* PCRA petition.  The court appointed new counsel, who filed an amended PCRA petition on November 14, 2018.  On March 4, 2019, an evidentiary hearing was held and the PCRA court dismissed the petition on March 29, 2019.  This appeal follows.

---

[4] 18 Pa.C.S. § 6401(a)(1)(ii).

Massey argues that his trial counsel was ineffective for failing to object to jury instructions for IDSI by forcible compulsion that discussed elements relevant to subsection 3123(a)(2) even though Massey was charged under subsection 3123(a)(1).

Massey's issue concerns trial counsel's effectiveness. We presume counsel was effective, and it is Massey's burden to prove otherwise. *See Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014). To prevail on an ineffectiveness claim, Massey must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Lesko*, 15 A.3d 345, 373 (Pa. 2011). Massey must prove each element; merely alleging each element is not sufficient. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). A reasonable basis does not require that counsel chose the most logical course of action, but that the decision had some reasonable basis. *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." *Mason*, 130 A.3d at 618 (citing *Strickland v. Washington*, 466 U.S. 668, 684 (1984)).

"A trial court's charge to the jury must contain a correct statement of the law." *Commonwealth v. Patosky*, 656 A.2d 499, 505 (Pa. Super. 1995)

- 3 -

(citations omitted). When addressing challenges to a jury instruction, we consider the challenged portion in light of the entire instruction. ***Commonwealth v. Ly***, 980 A.2d 61, 88 (Pa. 2009).

After a thorough review of the record, the parties' briefs, the applicable law, and the well-reasoned opinion of Judge Krom, we conclude that there is no merit to the issue Massey has raised on appeal and that the jury charge was appropriate. We find that trial court opinion thoroughly disposes of Massey's claim. Accordingly, we affirm on the basis of Judge Krom's succinct opinion. ***See*** Trial Court Opinion, 4/11/19.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2019

---

[5] Furthermore, our Supreme Court has found an attorney's decision not to object to standard jury instructions reasonable. ***See Commonwealth v. Washington***, 927 A.2d 586, 603 (Pa. 2007) (finding counsel reasonable when he did not object to standard jury instructions that had been previously approved by the Court); ***Commonwealth v. Trigno***, 750 A.2d 243, 253 (Pa. 2000) (holding that counsel acts reasonably by not objecting to standard jury instruction, even if instruction is later found improper). There is a single suggested standard jury instruction for both IDSI by forcible compulsion and IDSI by threat of forcible compulsion. ***See*** Pa. SSJI (Crim) 15.3123A. At trial, Judge Krom read the standard jury instruction. N.T. Trial, 5/10/19, at 31-34. We agree with the trial court that Massey's claim does not warrant post-conviction relief.

- 4 -

**IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT
OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH**

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action – Law |
| | : | |
| v. | : | No. 654-2017 |
| | : | |
| | : | Post-Conviction Relief Act |
| Jack A. Massey, Jr., | · : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## OPINION

Before the Court is above-captioned Defendant's Amended Petition for Post-Conviction

Collateral Relief, filed November 14, 2018. For the following reasons, Defendant's claim merits

no post-conviction relief.

## FACTUAL BACKGROUND

Defendant was charged with one count each of involuntary deviate sexual intercourse

("IDSI"), aggravated indecent assault, indecent assault, and corruption of minors in connection

to alleged sexual abuse of his adopted daughter, T.D. ("the victim").[1]

A trial by jury commenced on May 10, 2018. The Commonwealth initially sought to

prove, pursuant to Section 3123(a)(7), that Defendant committed IDSI—complainant less than

16 years of age. However, following the victim's testimony, the Commonwealth moved to

amend the information and proceed under Section 3123(a)(1), relating to IDSI by forcible

compulsion. See Transcript of Proceedings of Jury Trial, May 10, 2018, at 58–59.

The jury subsequently found Defendant guilty of all counts.

On June 20, 2018, this Court imposed an aggregate sentence of 123 to 384 months'

incarceration.

---

[1] 18 Pa.C.S. §§ 3123(a)(1), 3125(a)(1), 3126(a)(1), and 6301(a)(1)(ii), respectively.

1

32

Defendant filed a *pro se* Motion for Post Conviction Collateral Relief on July 25, 2018.[2]

Counsel was appointed, and Defendant thereafter filed an Amended Petition for Post-Conviction Collateral Relief ("the Amended Petition") on November 14, 2018, wherein Defendant alleged ineffective assistance of counsel based on trial counsel's failure to object to certain jury instructions.

An evidentiary hearing was held on Defendant's claim on March 4, 2019. Defendant's trial counsel, Casey Bogner, Esq., testified, as did Defendant.

## DISCUSSION

Defendant specifically asserts ineffective assistance based on Attorney Bogner's failure to object to the following jury instruction:

> The first offense is involuntary deviate intercourse by forcible compulsion or threat of forcible compulsion.
>
> A person commits the crime of involuntary deviate sexual intercourse with another person of the same or opposite sex by forcible compulsion *or by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.*
>
> The force used *or threatened* can be physical force or violence but it does not have to be. It is legally possible for an individual to commit involuntary deviate sexual intercourse by using *or threatening* intellectual, moral, emotional or psychological force.
>
> The defendant has been charged with involuntary deviate sexual intercourse, and to find him guilty of this offense you must find the following element has been proven beyond a reasonable doubt, that is, that the defendant engaged in deviate sexual intercourse by force *or by threat of force, the threat being the kind of threat that would have prevented a reasonable person faced with the same circumstances present here from resisting.*

---

[2] Prior to filing the *pro se* Motion for Post Conviction Collateral Relief, Defendant self-filed a Notice of Appeal on July 9, 2018. Defendant, through counsel, thereafter withdrew the appeal, seeking instead to proceed with a PCRA Petition. Defendant's Motion for Post Conviction Collateral Relief is thus timely, and the Court may address its merits.

2

33

Transcript of Proceedings of Openings, Closings & Charge, May 10, 2018, at 31–32 (emphasis added). Defendant finds Attorney Bogner's non-objection to amount to ineffective assistance of counsel because Defendant was not charged with IDSI by threat of forcible compulsion under Section 3123(a)(2).

## I. Attorney Bogner's Testimony

At the evidentiary hearing,[3] Attorney Bogner[4] testified that she was aware at trial that the jury instruction read by the Court included the threat of forcible compulsion language. Attorney Bogner recognized that the threat of forcible compulsion language was derived from the proposed jury instructions she had submitted prior to trial. She agreed that the submitted jury instructions did not correspond to the Commonwealth's initial charge of IDSI—complainant less than 16 years of age and indicated that the mistake was inadvertent.

Attorney Bogner explained that she did not object to the jury instructions at issue for the following reasons: First, Attorney Bogner noted that the instruction informed the jury that they could find forcible compulsion *or* a threat of forcible compulsion; she therefore believed that the disjunctive *or* adequately communicated to the jury that they could either find forcible compulsion or threat of forcible compulsion to convict Defendant of IDSI. She further testified that she had concluded, based on the assumption that jurors are capable of using common sense, that the instruction could not harm Defendant because no evidence of threats had been presented.

---

[3] No transcript of the evidentiary hearing was requested or made.

[4] Attorney Bogner has been practicing law since 2014. She is presently the Chief Public Defender for Franklin County. At the time of Defendant's trial, her title was Acting Interim Chief Public Defender.

3

Second, Attorney Bogner averred her understanding that the instructions read at trial were Pennsylvania suggested standard criminal jury instructions, along with her belief that using the standard instructions is best practice.[5]

Finally, in addition to the fact that no evidence was presented of threats of force, Attorney Bogner explained that the Commonwealth was attempting to show forcible compulsion by emotional or psychological force. In her view, a "threat of psychological force" is impossible.

Thus, in light of all of the foregoing, Attorney Bogner concluded that no harm to Defendant would result from the jury instructions.

## II. Ineffective Assistance of Counsel

We turn now to the relevant legal standards.

To succeed on a claim of ineffective assistance of counsel,[6] a PCRA petitioner must satisfy the performance and prejudice tests established in Strickland v. Washington, 466 U.S. 688, 687 (1984). Commonwealth v. Tharp, 101 A.3d 673, 691 (Pa. 2014). Our courts have divided the performance test into two components; thus, to prove counsel ineffective, the petitioner must demonstrate all of the following:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Id. at 691–92 (citing Commonwealth v. Sepulveda, 55 A.3d 1108, 1117 (Pa. 2012)). Counsel is presumed effective, and the petitioner "bears the burden of pleading and proving each of the

---

[5] Consistent with Attorney Bogner's statement, the jury instructions read comport with the Pennsylvania Suggested Standard Instructions for IDSI—forcible compulsion. See Pa. SSJI (Crim) § 15.3123A.

[6] A petitioner is eligible for relief under the PCRA where, *inter alia*, counsel's act or omission "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

4

35

three factors by a preponderance of the evidence." Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa. Super. 2013).

Defendant posits that all three prongs of the above-quoted test are met here. Defendant first asserts that the underlying claim—that the jury instructions for the IDSI charge were erroneous—has arguable merit on grounds that a trial court, while instructing the jury, cannot inject new theories of culpability into a case. Regarding the second component, Defendant argues that Attorney Bogner's failure to object had no reasonable basis to advance Defendant's interests because the instructions "allowed the jury to hear 11 references to elements of an uncharged and closely related offense," thereby "widening the net" for Defendant to be convicted of IDSI. Finally, with respect to the prejudice prong, Defendant maintains that a reasonable probability exists that the outcome of trial would have been different had Attorney Bogner objected.

We address the prejudice prong first. A petitioner seeking to demonstrate prejudice "is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings." Commonwealth v. Domek, 167 A.3d 761, 765 (Pa. Super. 2017) (quoting Commonwealth v. Spotz, 84 A.3d 294, 315 (Pa. 2014)).

Defendant's arguments that the improper jury instruction contributed to the guilty verdict appear to rest on his assertion that sufficient evidence was presented of "threats of forcible compulsion" that the jury could have found IDSI on that basis. In other words, the jury instruction could not have given the jury "full license to convict the Defendant" of an uncharged crime unless there was some evidence presented of that uncharged crime.

5

36

For her part, Attorney Bogner testified that she did not believe the outcome of the proceeding would have been different had she objected because the Commonwealth presented no evidence of a threat, but instead attempted to show that Defendant exerted psychological force over the victim.

At the evidentiary hearing and in his supporting memorandum, Defendant cites the victim's testimony that Defendant was "scary," "abusive," and "always had to get his way" as evidence of threats. Defendant therefore urges us to take a broad view of "threats," hinging on the premise that a threat need not be explicit, but may be implicit in a person's general conduct.

Our own review of the relevant case law leads to our conclusion that the distinction between threats of forcible compulsion and forcible compulsion—specifically by psychological, intellectual, or moral force—is nebulous at best.

Forcible compulsion for purposes of sexual offenses is "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101. As to the extent of force required, the "degree of force involved in rape and involuntary sexual deviate intercourse is defined, not in terms of the physical injury to the victim, but in terms of the effect it has on the victim's volition." Commonwealth v. Rhodes, 510 A.2d 1217, 1226 (Pa. 1986). Thus, forcible compulsion "is relative and depends on the totality of the facts and circumstances of the particular case." Commonwealth v. Brown 727 A.2d 541, 544 (Pa. 1999) (citing Rhodes, 510 A.2d at 1226). In examining all the circumstances, a court considers the following factors in determining whether the sexual offense is the product of forcible compulsion:

> [I]mportant factors to be considered include the respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and the physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a

6

37

position of authority, domination, or custodial control over the victim, and whether the victim was under duress.

Commonwealth v. Ruppert, 579 A.2d 966, 968 (Pa. Super. 1990) (citing Rhodes, 510 A.2d at 1226)).

Our courts have not specifically delineated what constitutes a "threat of forcible compulsion." Indeed, authority discussing forcible compulsion and threats of forcible compulsion often conflates the two concepts and addresses them together. For example, in Commonwealth v. Gabrielson, 536 A.2d 401 (Pa. Super. 1988), the defendant threatened to "beat [the victim] up badly" if she tried to leave or refused to engage in intercourse. Id. at 407. The Gabrielson Court applied the Rhodes factors, noted above, to the facts of the case and observed:

> In a case where, as here, a victim is threatened with physical abuse if she refuses to engage in intercourse with the assailant even to the point where the victim considers it pointless to resist, we have held that such conduct demonstrates the use of force *and threat of force* sufficiently compelling to meet the statutory threshold of forcible compulsion.

Id. (emphasis added).[7] More recently, in Commonwealth v. Eckrote, 12 A.3d 383 (Pa. Super. 2010), the Superior Court addressed a scenario where the defendant drove the victim to an unknown location, indicated that he wanted to engage in sexual intercourse with her, and stated that he wanted to kill himself. Id. at 385. The Superior Court noted the following with respect to forcible compulsion:

> It is well-established that in order to prove the forcible compulsion component, the Commonwealth must establish, beyond a reasonable doubt, that the defendant used either physical force, *a threat of physical force,* or psychological coercion, since a mere showing of a lack of consent does not support a conviction for rape . . . by forcible compulsion.

Id. at 387 (internal quotations omitted and emphasis added). The Court thereafter concluded "it is evident based upon the totality of the circumstances that [the defendant] used both

---

[7] The forcible compulsion inquiry is identical for both rape and IDSI offenses. Commonwealth v. ▒▒▒▒ ▒▒ A.2d 765, 767 (Pa. Super. 1982).

7

psychological and physical force to compel [the victim] to engage in sexual intercourse with him against her will." Id.

All of the above compels our conclusion that explicit or implicit threats or otherwise threatening behavior must be considered as part of the totality of the circumstances analysis for forcible compulsion. Crucially, the aforementioned Rhodes factors include "whether the victim was under duress."[8] We moreover understand threats, in the sense that a threat presents the victim with a choice between two undesirable outcomes, to be a form of psychological or intellectual force.

Thus, setting aside the question of whether a course of conduct of violent and intimidating behavior constitutes a threat of forcible compulsion, we find that forcible compulsion necessarily encompasses threats or threatening behavior that, in the specific circumstances, overcomes a victim's volition.

Accordingly, while an erroneous jury charge could in many instances result in prejudice to a defendant, those circumstances are not present here. The offenses of IDSI by forcible compulsion and by threat of forcible compulsion are simply too closely related for IDSI by threat of forcible compulsion to constitute a separate basis for Defendant's conviction. Cf. Commonwealth v. Fleck, 539 A.2d 1331 (Pa. Super. 1988) (vacating conviction where Commonwealth charged the defendant with second-degree simple assault, yet the trial court *sua sponte* instructed the jury that it could convict the defendant of either second-degree simple assault or, upon a finding of an additional element, a lesser degree of simple assault, and the jury convicted the defendant of the lesser offense).

---

[8] Black's Law Dictionary includes the following entry on "duress": "1. Strictly, the physical confinement of a person or the detentions of a contracting party's property. 2. Broadly, a threat of harm made to compel a person to do something against his or her will or judgment." Black's Law Dictionary (10th ed. 2014).

8

39

In sum, the outcome of Defendant's trial would not have been different absent the jury instructions' reference to threat of forcible compulsion. The victim's testimony disclosed that the sexual assaults were the result of psychological pressure exerted by virtue of Defendant's role as her father in relation to her young age and inexperience. The allegations that Defendant routinely behaved in a way that frightened the victim in fact bolsters a finding of forcible compulsion and does not create grounds for a conviction for a separate uncharged offense.[9]

Defendant cannot show prejudice, and his claim of ineffective assistance of counsel must fail.

## CONCLUSION

For the foregoing reasons, we find that Defendant's claim does not warrant post-conviction relief. An Order follows.

---

[9] Notably, Defendant was charged with, convicted of, and sentenced for exactly one count of IDSI.

9

40

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT
# OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action – Law |
| | : | |
| v. | : | No. 654-2017 |
| | : | |
| | : | Post-Conviction Relief Act |
| Jack A. Massey, Jr., | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## ORDER OF COURT

AND NOW, this _29th_ day of March, 2019, upon review of Defendant's *Amended Petition for Post-Conviction Collateral Relief*, the Commonwealth's *Answer*, the record, and the applicable law,

THE COURT HEREBY DENIES post-conviction relief for the reasons fully described in the attached Opinion.

THE PETITIONER IS HEREBY ADVISED pursuant to Rule 907(4) of the Pennsylvania Rules of Criminal Procedure:

1. You have a right to appeal from the Court's decision disposing of your petition. If you choose to exercise that right, you must do so within thirty (30) days of the date of this order. [Pa.R.Crim.P. 907(4); Pa.R.A.P. 903(a)];

2. If counsel has been appointed to represent you, that appointment shall be effective throughout the post-conviction collateral proceedings, including an appeal from this Order. [Pa.R.Crim.P. 904(F)(2)];

3. If your appointed counsel has determined your claims to be meritless and the Court has permitted withdrawal from representation, you may proceed *pro se* or through privately retained counsel. [Commonwealth v. Maple, 559 A.2d 953, 957 (Pa. Super. 1989)];

41

4. You have the right to assistance of counsel in preparation of the appeal, if indigent [Pa.R.Crim.P. 904(E)];

5. If you are unable to pay the costs of filing and perfecting an appeal, you have the right to proceed *in forma pauperis*. [Pa.R.Crim.P. 904(G)].

 *The Clerk of Courts is directed to mail a copy of this Order of Court containing Defendant's right to appeal by Certified Mail, Return Receipt Requested upon Defendant as required by Pa.R.Crim.P. 908(E). The Clerk shall otherwise comply with the requirements of Pa.R.Crim.P 114.*

By the Court,

_____
Angela R. Krom, J.

Distribution:
Franklin County District Attorney
Mark F. Bayley, Esq., Counsel for Defendant
Jack A. Massey, Jr., Defendant

42

JACK A. MASSEY, JR.                                    Case No. 654-2017

On April 1, 2019, I Barbara E. Black served a copy of the Opinion and Order signed on March 29, 2019, by the Honorable Angela R. Krom and filed on April 1, 2019, on the following persons by the following method:


**Interoffice Mail:**

Franklin County
District Attorney's Office


**U.S. Mail:**

Mark F. Bayley, Esquire
17 West South Street
Carlisle, PA  17013

Jack A. Massey, Jr.
Inmate No. NL6318
SCI HUNTINGDON
1100 Pike Street
Huntingdon, PA  16654-1112


_____
Deputy Clerk of Courts

43